# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JEFFREY A. KUBAS, individually and )
on behalf of all others similarly situated, )
)
    Plaintiff, ) No. 08 C 2092
)
v. ) Judge Ruben Castillo
)
STANDARD PARKING CORPORATION IL, )
STANDARD PARKING CORPORATION, )
and DOES 1-10, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Jeffrey A. Kubas ("Plaintiff") brings this purported class action alleging violations of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. § 1681c(g), against Standard Parking Corporation IL, Standard Parking Corporation, and Doe Defendants 1-10 (collectively "Defendants"). (R. 34, Am. Compl.) Currently before the Court is Defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 40, Defs.' Mot. to Dismiss.) For the reasons stated below, the motion to dismiss is denied.

## RELEVANT FACTS

Plaintiff alleges that on January 10, 2007, he received a computer-generated credit card receipt from Defendants, at an O'Hare airport parking facility, displaying more than the last five digits of his credit card number and the card expiration date. (R. 34, Am. Compl. ¶¶ 2, 20.) Plaintiff alleges that Defendants' action of printing more than the last five digits of the card number and the card's expiration date violated FACTA. (*Id.* ¶¶ 1-3.) Plaintiff brings this action

on behalf of himself and a class defined, in pertinent part, as:

> "All consumers to whom Defendants provided an electronically-printed receipt at the point of a sale or transaction after the applicable statutory deadline . . . and which receipt displayed more than the last five digits of the purchaser's credit card or debit card number."

(*Id.* ¶¶ 21, 22.)

## PROCEDURAL HISTORY

On April 11, 2008, the original plaintiff in this action, Flexicorps, Inc. ("Flexicorps") filed a class action complaint in this Court against Defendants. (R. 1, Compl.) On June 9, 2008, Defendants moved to dismiss the complaint. (R. 19, Defs.' Mot. to Dismiss.) On July 22, 2008, in accordance with this Court's order (R. 33, 7/22/2008 Min. Order), Plaintiff filed an amended complaint, substituting Jeffrey Kubas as the named plaintiff. (R. 34, Am. Compl.) The Court then denied Defendants' motion to dismiss as moot. (R. 33, 7/22/2008 Min. Order.) Defendants now move to dismiss the amended complaint pursuant to Rule 12(b)(6). (R. 40, Defs.' Mot. to Dismiss.)

## LEGAL STANDARDS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal, not the factual, sufficiency of a complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). In determining whether to grant a motion to dismiss, the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim

in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Moreover, at this stage it is not incumbent on the plaintiff to plead specific facts. *See Vincent v. City Colleges of Chicago*, 485 F. 3d 919, 923-24 (7th Cir. 2007) ("Facts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'").

## ANALYSIS

The FACTA amendment to the FCRA imposes regulations that forbid the disclosure of consumers' credit information in specific circumstances. *See* 15 U.S.C. § 1681c. The specific FACTA provision at issue in this case provides: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Section 1681n of the FCRA imposes civil liability upon any person who "willfully fails to comply" with any requirement of the Act. 15 U.S.C. § 1681n(a).

Defendants argue that Plaintiff's amended complaint fails to state a claim upon which relief can be granted and should be dismissed based on the following: (1) Plaintiff fails to adequately allege that Defendants violated Sections 1681c(g) and 1681n of the FCRA; (2) Defendants cannot "willfully violate" a statute that is vague and ambiguous; and (3) Plaintiff

3

fails to state a claim based on any statutory right of privacy. (R. 41, Mem. of Law in Support of Defs.' Mot. to Dismiss ("Defs.' Mem."), at 3.)

Defendants' first argue that the amended complaint "does not contain sufficient allegations that Defendants acted willfully," and therefore, Plaintiff fails to state a claim for relief under Sections 1681c(g) and 1681n of the FCRA.[1] (*Id.* at 3-5.) The willfulness requirement of Section 1681n is defined to include both knowing and reckless conduct. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 2208-2209 (2007). In the amended complaint, Plaintiff makes the following allegations: FACTA was enacted in 2003 and gave merchants three years within which to comply; Defendants knew about the requirement because card issuers informed them and required compliance with the statute in their contracts with merchants before the mandatory compliance date; and most of Defendants' peers brought their processes into compliance with FACTA but Defendants failed to comply. (R. 34, Am. Compl. ¶¶ 34-57, 69.)

The Court finds that these allegations in the complaint and references arising therefrom, adequately allege that Defendants willfully violated the statute. Several courts within this District have found similar allegations for violations of FACTA sufficient to withstand a motion to dismiss. *See, e.g., Follman v. Village Squire, Inc.*, 542 F. Supp. 2d 816 (N.D. Ill. 2007) (Kendall, J.); *Follman v. Hospitality Plus of Carpentersville Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007) (Moran, J.); *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782 (N.D. Ill. 2007) (Der-Yeghiayan, J.); *Troy v. Home Runn Inn, Inc.*, No. 07-C4331, 2008 WL 1766526 (N.D. Ill April 4, 2008)

---

[1] The Court notes that "willfulness" is not an element of the conduct at issue, instead, it is a prerequisite to the awarding of statutory, as opposed to actual damages. *See* 15 U.S.C. §§ 1681c(g), 1681n(a).

4

(Kennelly, J.); *Harris v. Wal-Mart Stores, Inc.*, No. 07-CV2561, 2007 WL 3046162 (N.D. Ill. Oct. 10, 2007) (Darrah, J.).

Defendants argue that the aforementioned cases were "based on the defendants' alleged ***knowing*** violations of FACTA," and that in this case, by contrast, Plaintiff is alleging a "reckless" violation of the statute. (R. 46, Defs.' Reply at 3.) The Supreme Court has held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading under the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 127 S. Ct. at 2215. Recklessness under the FCRA is therefore, "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Services, Inc.*, 523 F.3d 719, 726 (7th Cir. 2008). The distinction that Defendants attempt to make is of no consequence, the Court finds that Plaintiff has sufficiently pleaded that Defendants acted knowingly. The amended complaint, as pleaded, is sufficient to plausibly suggest a willful violation of FACTA.

Next, Defendants argue that they cannot willfully violate a statute that is "vague and ambiguous." (R. 41, Defs.' Mem. at 5.) Defendants assert that the obligations under the statute are uncertain because there is ambiguity as to whether Section 1681c(g) prohibits printing the first digit, or the first few digits of a card number, as long as fewer than the last five digits are printed. (*Id.*) "A law is void for vagueness if it fails to give fair warning of what is prohibited, if it fails to provide explicit standards for the persons responsible for the enforcement and thus creates a risk of discriminatory enforcement, and if its lack of clarity chills lawful behavior." *Anderson v. Milwaukee County*, 433 F.3d 975, 978 (7th Cir. 2006). Further, when the statute regulates business, it "is subject to a less strict vagueness test [than criminal statutes] because its

5

subject matter is more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." *Iosello*, 502 F. Supp. 2d at 785 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)).

The Court finds that section 1681c(g) is not vague and ambiguous. The plain language of the statute has only one reasonable meaning: It "unambiguously prohibits a person from printing more than the last five digits of a credit card on a receipt and from printing the expiration date on a receipt." *Troy*, 2008 WL 1766526, at *3. This is exactly what Plaintiff has alleged Defendants did here. Other courts in this District have uniformly rejected the argument that FACTA is vague and ambiguous such that a willful violation is impossible. *See, e.g., id.* (holding FACTA was not vague and ambiguous and that defendant's conduct was willful); *Iosello*, 502 F. Supp. 2d at 785-86 (same); *Village Squire*, 542 F. Supp. 2d at 820-21 (same).

Defendants' argument that Plaintiff must plead exactly "which of the digits of his credit card were printed on the receipt he purportedly received from Defendants" also fails. (R. 41, Defs. Mem. at 5-6.) It is not incumbent on Plaintiff to plead specific facts in the complaint. *See Vincent*, 485 F. 3d at 923-24. Here, Plaintiff specifically alleges the conduct that FACTA prohibits: "Defendants printed more than the last five digits of the card number." (R. 34, Am. Compl. ¶ 2.) The Court finds that this allegation is sufficient to give Defendant fair notice of what the claim is and the grounds on which it rests.

Finally, Defendants argue that Plaintiff has failed to state a claim based on any statutory right of privacy and that allegations related to such should be dismissed or stricken from the complaint. (R. 41, Defs.' Mem. at 6-7; R. 46, Defs.' Reply at 3.) The complaint, however, does not allege a separate count for violation of privacy, and Plaintiff is clear that he does not intend to

6

raise such a claim. (R. 34, Am. Compl.; R. 43, Mem. of Law in Opp'n to Defs.' Mot. to Dismiss at 5.) Plaintiff asserts that the complaint merely alleges that FACTA protects the privacy of Plaintiff's credit information and that Defendants violated FACTA. *Id.* The Court agrees with Defendants that the complaint contains superfluous material, but finds that this material does not warrant dismissal. *See Davis v. Ruby Foods*, 269 F.3d 818, 819-21 (7th Cir. 2001) (concluding that the district court abused its discretion in dismissing a complaint that was sufficient to put defendant on notice because it also contained superfluous matter.) Dismissing claims due to superfluous material, "cast district judges in the role of editors, screening complaints for brevity and focus; they have better things to do with their time."[2] *Id.* at 820. The Court finds that the complaint has adequately met the requirement of giving Defendants notice to the relevant facts and legal basis of Plaintiff's claims. Accordingly, the Court denies Defendants' motion to dismiss or to strike sections of the complaint.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, (R. 40), is DENIED. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The parties shall appear for a status on February 11, 2009 at 9:45 a.m.

Date: January 29, 2009         ENTERED: _____
                                Ruben Castillo
                                United States District Judge

---

[2] The Seventh Circuit also advised defendants about moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense, stating "[S]uch motions are what give 'motion practice' a deservedly bad name. *Id.* at 821.

7